**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| KEVIN RUSSELL,<br><br>      Plaintiff,<br><br> v.<br><br>CAPITAL ONE, N.A.,<br><br>      Defendant. | Case No. 2:26-cv-1307<br><br>**DEFENDANT CAPITAL ONE, N.A.'S<br>NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Capital One, N.A. ("Capital One") by counsel, hereby files this Notice of Removal from Philadelphia Municipal Court for the Commonwealth of Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. § 1331 and the existence of a federal question herein. In support of this Notice of Removal, Capital One asserts as follows:

## I.  BACKGROUND

1.  Kevin Russell ("Plaintiff") filed a complaint (the "Complaint") against Capital One in the Philadelphia Municipal Court in the First Judicial District of Pennsylvania, captioned *Kevin Russell v. Capital One, N.A.*, Case No. SC-26-01-21-4939 on January 21, 2026.  A copy of all process, pleadings, and orders filed in the action are attached hereto as **Exhibit A**.

2.  On or about February 24, 2026, Capital One was served a copy of the Complaint. *See* Ex. A. at 1.  The district and division embracing the place where the action is pending is the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division.  *See* 28 U.S.C. § 1441(a).

3.      This notice is timely filed within thirty (30) days after Capital One received the summons and complaint setting forth the claim for relief upon which the action is based. *See* 28 U.S.C. § 1446(b).

4.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Philadelphia Municipal Court, and written notice of the filing of this Notice of Removal will be provided to Plaintiff.  A copy of the Notice of Filing the Notice of Removal, without exhibits, is attached as **Exhibit B**.

## II.      FEDERAL QUESTION JURISDICTION

5.      This Court has original jurisdiction over Plaintiff's Truth in Lending Act ("TILA") claims pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      Removal of this action is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7.      In his Complaint, Plaintiff alleges Capital One violated the TILA, 15 U.S.C § 1640, and Regulation Z, 12 C.F.R. Part 1026. *See* Ex. A at 10.

8.      Plaintiff requests $7,914.14 in damages due to Capital One's alleged TILA violations of TILA and breach of contract. *Id.* at 13.

9.      Federal question jurisdiction exists over this action because the allegations asserted by Plaintiff in the Complaint involve questions that will require resolution of significant, disputed

issues arising under federal law. This case qualifies for federal question jurisdiction and is removable because Plaintiff's Complaint alleges claims under, and requires a ruling on, the TILA.

10.     Pursuant to 28 U.S.C. § 1441(b), removal is proper irrespective of the citizenship or residence of the parties.

### III.    VENUE

11.     Venue is proper in this Court because this district and division embrace the Philadelphia Municipal Court, the forum from which the case has been removed.  *See* 28 U.S.C. § 1441.

### IV.    NOTICE

12.     Concurrent with the filing of this Notice, Capital One will file a Notice of Filing of Notice of Removal, without exhibits, with the Clerk of the Philadelphia Municipal Court, a copy of which is attached hereto as **Exhibit B**.

13.     Upon information and belief, the contents of **Exhibit A** and **Exhibit B** constitute the entire file of the action pending in the state court as required pursuant to 28 U.S.C. §1446(a).

### V.    RESERVATION OF RIGHTS

14.     Capital One does not concede in any way that the allegations in the Complaint are properly raised, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.  By filing this notice of removal, Capital One in no way intends to waive any right or provision under its policy or the law.

15.     Capital One reserves the right to amend or supplement this notice.

WHEREFORE, Capital One hereby removes this action to this Court and seeks all other relief this Court deems equitable and just.

[signature block follows on next page]

Dated: February 27, 2026

Respectfully submitted:

*/s/ Samantha R. Weber*_____
Samantha R. Weber (PA 336227)
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4241
samantha.weber@troutman.com
*Counsel for Defendant Capital One, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of February, 2026, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, and sent notice of the filing via U.S. first-class mail to:

> Kevin Russell
> 1199 Ludlow Street
> Philadelphia, PA 19107

> */s/Samantha R. Weber*
> Samantha R. Weber